## GRIDLEY v. COLLEGE OF ST. FRANCIS XAVIER.

(*Supreme Court, General Term, Second Department.*  February 8, 1892.)

APPEAL—MATTERS NOT APPARENT ON RECORD.

Where a party moves for a new trial on the minutes of the court without specifying the grounds of his motion, and the case on appeal does not contain the order denying such motion and showing the grounds therefor, the judgment below must be affirmed.

Appeal from circuit court, Kings county.

Action by William S. Gridley against the College of St. Francis Xavier. From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Bliss & Schley,* (*George Bliss,* of counsel,) for appellant.   *Howard A. Sperry,* for respondent.

DYKMAN, J.    This action is brought by the assignee of John Vosteen to recover money paid under misapprehension of facts.    The story is simple, and easily told.    Ann Owens had a life-estate in the land and premises known as "53 Wooster Street," in the city of New York, and her daughter, Ann Eliza Owens, was the owner in fee of three-fourths of the property.    On the 14th day of April, 1888, Ann Owens executed and delivered to John Vosteen a lease of the premises for five years from May 1, 1888, at a yearly rent of $950.    On the 27th day of May, 1873, Ann Eliza Owens was judicially declared to have been an idiot from her birth, and totally incapacitated from taking care of herself or her property, and a committee of her person and estate was then appointed.    On the 1st day of July, 1890, Ann Eliza Owens executed and delivered to the defendant a deed of conveyance of all her right, title, and interest in the property.    Ann Owens died on the 29th day of July, 1890, and her daughter, Ann Eliza Owens, died a few days before, intestate, and without children.    John J. Cody collected the rent from the tenant, Vosteen, for Ann Owens during her life-time, and after her death he collected the rent for the defendant, and received $79.16 each month from August 1, 1890, to March 1, 1891, and that is the money which the plaintiff claims to recover in this action as the assignee of John Vosteen, the tenant.    Upon the trial the defendant raised no question respecting the validity of the inquisition which adjudged

Ann Eliza Owens to be an idiot, but rested the defense upon the claim that the rent was paid by Vosteen under circumstances which rendered the payment voluntary. That question was accordingly submitted to the jury under a charge to which there was no exception, and the jury returned a verdict in favor of the plaintiff for the full amount claimed. The defendant's counsel then moved for a new trial on the minutes of the court without specifying any grounds for his motion, and it was denied, and he excepted. The case does not contain an order denying the motion for a new trial, and there is nothing to show that the case contains all the testimony. As, therefore, the motion of the defendant for a new trial on the minutes specifies no ground upon which a review can proceed, and no order is presented to furnish such grounds, there is nothing before us for review, so far as the motion for a new trial is concerned. *Dresser* v. *Insurance Co.*, 47 Hun, 153. Independent of that difficulty, however, we have carefully examined the case, to see if there is evidence to sustain the verdict, and we find it fully justified and supported. The judgment and order denying the motion for a new trial should be affirmed, with costs. All concur.

After the foregoing opinion was prepared we received a copy of an order made at special term, amending the case by the insertion therein of a copy of the order denying the motion for a new trial of the action upon the ground that the verdict was contrary to law and the evidence. This amendment of the case necessitates no new examination on our part. We examined the testimony, and found it sufficient to justify the verdict, and we can do no more now.